UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-00248-MR-SCR

| MARCUS DEVAN HUNTER, | ) |   |
|---|---|---|
| a/k/a VERSA DIVINE, | ) |   |
|   | ) |   |
| Plaintiff, | ) |   |
|   | ) |   |
| vs. | ) | **ORDER** |
|   | ) |   |
| KIMBERLY GRANDE, et al., | ) |   |
|   | ) |   |
| Defendants. | ) |   |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Leave to File an Amended Complaint" [Doc. 16], which the Court construes as a motion to file a supplemental pleading pursuant to Federal Rule of Civil Procedure 15(d), and Plaintiff's Motion for Reconsideration [Doc. 17].

Pro se Plaintiff Versa Divine (also known as Marcus Devan Hunter) ("Plaintiff") is a transgender female prisoner of the State of North Carolina currently incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina.[1]  On August 29, 2023, Plaintiff filed this action pursuant to 42 U.S.C. § 1983 against the following Defendants: (1) Peter R. Buchholtz,

---

[1] Because the Plaintiff has used inconsistent self-identifying gender pronouns in their submissions to the Court, the Court will use the gender-neutral they/them/their gender pronouns when referring to the Plaintiff.

"Commissioner of Corrections;" (2) Kimberly Grande, Executive Director of the Inmate Grievance Resolution Board (IGRB); (3) Harold Reep, Foothills Correctional Institution ("Foothills CI") Warden; (4) Marc E. Dunn, Foothills CI Unit Manager; (5) Eric L. Price, Foothills CI Unit Manager; (6) Marlene Holcombe, Foothills CI psychologist and Director of Behavioral Health; (7) Jeffry Lorborbaum, Foothills CI psychiatrist; (8) Newton D. High, Foothills CI physician's assistant; (9) FNU Abee, Foothills CI nurse manager and member of the Foothills Transgender Accommodation Review Committee (FTARC); and (10) J. Newton, Foothills CI Americans with Disabilities Act (ADA) Coordinator. [Doc. 1 at 1-6]. Plaintiff sued Defendants in their individual and official capacities. [Id. at 2, 4-6].

Plaintiff's Eighth Amendment deliberate indifference individual capacity claim against Defendants Dunn, High, Price, Holcombe, and Abee based on their alleged denial of care for Plaintiff's gender dysphoria and Plaintiff's Americans with Disabilities Act (ADA) official capacity claim against Defendants Reep, Grande, Dunn, High, Price, Holcombe, and Abee survived initial review.[2] [Doc. 10 at 25]. Plaintiff's remaining claims, including their First Amendment retaliation claim, Eighth Amendment conditions of confinement claim, Fourteenth Amendment due process and equal

---

[2] The Court herein by reference incorporates its initial review Order in this matter.

2

protection claims, and Rehab Act claim, were dismissed for Plaintiff's failure to state a claim for relief. [See id.]. Defendants Buchholtz, Lorberbaum, and Newton were also dismissed for Plaintiff's failure to state a claim for relief against them. [Id.]. The remaining Defendants' waivers of service are due by January 8, 2024. [11/9/2023 Docket Entry].

Now pending are Plaintiff's motion for reconsideration and motion to supplement their Complaint. [Docs. 16, 17]. Plaintiff moves to supplement their Complaint with allegations of events that occurred at Foothills CI after they filed the Complaint and to add four new Defendants in this matter, FNU Johnson, clinical psychologist; Deorain Carson, Facility ADA Coordinator; Sophia Feaster, Division ADA Coordinator; and Foothills CI. [Doc. 16]. The Court will grant Plaintiff's motion to supplement their Complaint with the new factual allegations and conduct initial review relative to the new proposed Defendants.[3]

In pertinent part, Plaintiff alleges as follows. On August 25, 2023, after having suffered a panic attack while in Restrictive Housing for Administrative Purposes, Plaintiff was restrained, extracted from their cell, and isolated for 72 hours. [Doc. 16 at 2]. Sometime later the same day, Defendant Reep

---

[3] The Court will only address the allegations that relate to claims asserted against the new proposed Defendants. None of Plaintiff's supplemental allegations against the existing Defendants raise or support any new or previously dismissed claim for relief.

came to Plaintiff's cell and told them that Foothills CI offered a Therapeutic Diversion Program that could be available to the Plaintiff if they were assigned to Restrictive Housing for Control Purposes "(180 days or more)." [Id. at 2-3].

The same day Plaintiff submitted a form DC-746 Inmate Reasonable Accommodation Request ("IRAR") "to be accommodated for Gender Dysphoria and given access to treatment, support, inpatient behavioral health services and housing, (i.e. Therapeutic Diversion Unit), peer support, social transitioning, and developmental disability case management." [Id. at 3]. On August 28, 2023, Facility ADA Coordinator Deorain Carson denied Plaintiff's IRAR. [Id.]. The next day, Division ADA Coordinator Sophia Deaster denied Plaintiff's IRAR "providing non-medical reasons and inexplicable reasons." [Id.].

On September 4 and November 1, 2023, Plaintiff attempted suicide by hanging in their cell while in Restrictive Housing. [Id. at 3, 5]. After both attempts, Plaintiff was placed on "self injurious protocol (SIP)." [Id. at 4-5]. On November 3, 2023, staff psychologist FNU Johnson took Plaintiff off SIP after Plaintiff denied "[illegible] plans to commit suicide at that time." [Id. at 5]. On November 21, 2023, while in Restrictive Housing, Plaintiff met with Johnson and asked him to recommend that Plaintiff be assigned to the

4

Therapeutic Diversion Unit "due to Plaintiff's behavioral and mental conditions and needs and the fact that Plaintiff was assigned to Restrictive Housing for Control Purposes." [Id. at 6]. Johnson denied Plaintiff's request "stating the Plaintiff does not get along with anyone and that he did not know the criteria for Placement in that mentioned program." [Id.].

Based on these events, Plaintiff claims that Johnson, Carson, and Feaster were deliberately indifferent to Plaintiff's needs and failed to protect the Plaintiff and, along with Foothills CI, discriminated against Plaintiff based on their disability and violated their Fourteenth Amendment due process rights.[4]  [Id. at 7]. Plaintiff also claims that Foothills CI violated their rights under the Rehab Act. [Id. at 8-9].

Under Rule 15(d), a party may on motion "serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "A plaintiff may add new defendants via a supplemental pleading, but only if the supplemental pleading relies 'in good part on transactions, occurrences, and events which had happened since the action had begun.'" Rush v. American Home Mortg., Inc., No. WMN-07-854, 209 WL 2591342, at *2 (D. Md. Aug.

---

[4] It also appears that Plaintiff also seeks to revive various claims against the original Defendants that were dismissed on initial review. [See Doc. 16 at 7]. The Court addresses these below.

19, 2009) (quoting Griffin v. County School Bd. of Prince Edward County, 377 U.S. 218, 226, 84 S.Ct. 1226 (1964)). Here, Plaintiff alleges that Carson and Feaster denied Plaintiff reasonable accommodations for their Gender Dysphoria under the ADA and that Johnson denied Plaintiff's request for recommendation to the Therapeutic Diversion Program. Plaintiff also purports to amend their Complaint to state a claim against Defendant Foothills CI under the Rehab Act and to state a claim for discrimination against all Defendants.

The Court will also allow Plaintiff to supplement their Complaint to add Defendants Carson and Feaster as Defendants in this matter in their official capacities only for the alleged violation of Plaintiff's rights under the ADA. Plaintiff's supplemental allegations are insufficient, however, to state any other claim for relief against any of the proposed new Defendants or to state a claim for discrimination against any original or new Defendant. Moreover, Foothills CI is not a proper Defendant under § 1983 or the Rehab Act. See See Brooks v. Pembroke Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989); Gaines v. Putnamville C.F., 2016 WL 3902638, *2 (S.D. Ind. July 18, 2016).

Plaintiff also moves the Court to reconsider its initial review Order

dismissing some of Plaintiff's claims.[5] [Doc. 17]. In their motion, Plaintiff states no grounds for relief, but rather cites law Plaintiff deems applicable to their dismissed claims. [See Doc. 17-1]. Regarding motions to alter or amend a judgment under Rule 59(e), the Fourth Circuit Court of Appeals has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. "Mere disagreement [with a court's ruling] does not support a Rule 59(e) motion." Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993). Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule

---

[5] In their motion, Plaintiff asks the Court "to review de novo Plaintiff's complaint [and] ex post facto amendments to Plaintiff's complaints." [Doc. 17 at 1]. It appears, therefore, that Plaintiff wants the Court to reconsider its initial review Order in itself and in light of Plaintiff's supplemental pleading. The Court declines to do so. The Court already reviewed Plaintiff's supplemental allegations and determined which claims survived and which did not. Moreover, the Rules do not allow the Court to "reconsider" something it never considered it the first place.

7

59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

Plaintiff has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, Plaintiff's motion does not present evidence that was unavailable when the Court issued its initial review Order, nor does their motion stem from an intervening change in the applicable law or a clear error of law. The Court, therefore, will deny Plaintiff's motion to reconsider.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion [Doc. 16] is **GRANTED** in accordance with the terms of this Order and Plaintiff's ADA claim against Defendants Carson and Feaster in their official capacities passes initial review. Any other claims Plaintiff sought to assert in their supplemental pleading are **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Reconsider [Doc. 17] is **DENIED**.

**IT IS FURTHER ORDERED** that any original Defendant wishing to respond to Plaintiff's supplemental pleading [Doc. 16] shall do so within 21

days of this Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants Deorain Carson and Sophia Feaster, who are alleged to be current or former employees of the North Carolina Department of Adult Corrections.

**IT SO ORDERED**.

Signed: January 11, 2024

Martin Reidinger
Chief United States District Judge